**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3596-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LUIS A. PEREZ, a/k/a
LUIS PEREZ,

    Defendant-Appellant.

_____

Submitted February 25, 2025 – Decided March 11, 2025

Before Judges Gilson and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 12-12-2900.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

William E. Reynolds, Atlantic County Prosecutor, attorney for respondent (Courtney Cittadini, Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Luis A. Perez appeals from an April 14, 2023 order denying his second petition for post-conviction relief (PCR) and request for an evidentiary hearing. Defendant argues he established a prima facie showing of ineffective assistance of his first PCR counsel and PCR appellate counsel, his second PCR petition should not have been time-barred, and he should have been afforded an evidentiary hearing. We affirm the order because defendant's second PCR petition was time-barred.

I.

The salient facts and procedural history were previously detailed in our decision on defendant's direct appeal, State v. Perez, No. A-5903-13 (App. Div. Mar. 10, 2015), where we affirmed the denial of the motion to withdraw the plea and the sentence imposed. (slip op. at 1). In April 2012, defendant was charged with first-degree murder and weapons charges after Joseph Hurt was shot and killed. Defendant pled guilty to an amended charge of manslaughter and was sentenced to eighteen years' imprisonment subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

Thereafter, defendant filed his first PCR petition, which the first PCR court denied, without conducting an evidentiary hearing. We affirmed denial of the PCR. State v. Perez, No. A-5274-15 (App. Div. July 24, 2017). However,

2

the Supreme Court remanded the matter to the trial court for an evidentiary hearing. State v. Perez, 231 N.J. 423 (2017).

At the evidentiary hearing, the first PCR court heard testimony from defendant and his two trial attorneys. The first PCR court found the attorneys were credible and defendant was not credible. On July 30, 2018, the first PCR court entered an order denying his first PCR petition. We affirmed on direct appeal. State v. Perez, No. A-0848-18 (App. Div. Jan. 9, 2020).

Over a year later, on November 25, 2020, defendant filed his second PCR petition, contending that his PCR counsel and PCR appellate counsel on the first appeal were ineffective in not challenging the first PCR court's analysis of self-defense.

The second PCR court denied the petition as time-barred under Rule 3:22-12(a)(2), following a non-evidentiary hearing. In a comprehensive twenty-four-page memorandum of decision, the second PCR court found the second PCR petition was time-barred under Rule 3:22-12(a) because it was filed more than one year after the denial of the first PCR petition. The second PCR court noted that the second PCR petition did not allege a new constitutional right, or a newly discovered factual predicate, and excusable neglect could not be argued for relaxing the time-bar for a second PCR.

A-3596-22

Notwithstanding the time-bar, the second PCR court addressed defendant's ineffective assistance of counsel claims and reasoned that the first PCR court evaluated the self-defense statute thoroughly and that the outcome would not have been any different. The first PCR court determined there was no evidence the victim attempted to use deadly force against defendant and rejected his argument that he "tussled" with the victim because no injuries were found on either one of them. There was also no evidence the victim tried to rob defendant as he claimed. Defendant had time to retreat and did not have to go home to obtain a firearm. A memorializing order was entered denying the second PCR petition.

II.

On this appeal, defendant presents one argument with subparts, which he articulates as follows:

> POINT ONE
>
> DEFENDANT DEMONSTRATED A PRIMA FACIE CLAIM FOR [PCR] WHICH ENTITLED HIM TO AN EVIDENTIARY HEARING.
>
> A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS FOR INEFFECTIVE ASSISTANCE OF COUNSEL AND PETITIONS FOR [PCR].

A-3596-22

B. THE PCR COURT IMPROPERLY DENIED DEFENDANT'S PETITION ON PROCEDURAL GROUNDS, AS THE TIME[-]BAR SET FORTH IN R[ULE] 3:22-12(a)(2) SHOULD HAVE BEEN RELAXED TO PREVENT A FUNDAMENTAL INJUSTICE.

C. APPELLATE COUNSEL AND THE FIRST PCR COUNSEL WERE INEFFECTIVE FOR FAILING TO CHALLENGE THE FIRST PCR COURT'S USE OF AN IMPROPER LEGAL STANDARD IN EVALUATING THE VIABILITY OF DEFENDANT'S CLAIM OF SELF-DEFENSE.

The second PCR court did not conduct an evidentiary hearing on defendant's second PCR petition. Accordingly, we review the denial of the petition de novo. State v. Harris, 181 N.J. 391, 420-21 (2004); State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020). The PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy a two-prong test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42,

5

58 (1987) (adopting the two-prong <u>Strickland</u> test in New Jersey). To be entitled to an evidentiary hearing on an ineffective assistance of counsel claim, a petitioner must make a prima facie showing of ineffective assistance of counsel. <u>R.</u> 3:22-10(b); <u>State v. Porter</u>, 216 N.J. 343, 354-55 (2013).

Defendant argues the second PCR court improperly denied his petition on procedural grounds and that the time-bar should have been relaxed to prevent a fundamental injustice. We reject defendant's arguments for two reasons.

First, all the arguments raised in defendant's second PCR petition are time-barred. <u>Rule</u> 3:22-4(b)(2) states that a second or subsequent PCR petition "shall be dismissed unless" it alleges either: (1) "that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings"; (2) "that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence"; or (3) "that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief." Defendant has not established any of these enumerated grounds.

The second or subsequent PCR petition must also be timely under Rule 3:22-12(a)(2), which states that "no second or subsequent petition shall be filed more than one year after the latest of" either the recognition of the constitutional right, "the date on which the factual predicate for relief was discovered," or "the date of the denial of the first or subsequent" PCR petition in which counsel was alleged to be ineffective. This time limit is not tolled by federal habeas corpus proceedings. See State v. Milne, 178 N.J. 486, 494 (2004) (explaining that "a defendant's pursuit of federal review ordinarily would not extend the time frame within which to file a PCR petition in State court"). Moreover, there is no provision for relaxing this time limit: "the late filing of a second or subsequent PCR petition [cannot] be excused in the same manner as the late filing of a first PCR petition." State v. Jackson, 454 N.J. Super. 284, 293 (App. Div. 2018).

We denied defendant's appeal of his first PCR petition in January 2020. It was over a year later that defendant filed his second PCR petition, well-beyond the one-year denial of his first PCR petition. Therefore, the second PCR petition is time-barred under Rule 3:22-12(a)(2).

Second, even if we were to address the substance of defendant's contentions for ineffective assistance of PCR counsel and PCR appellate counsel, they lack merit. Defendant claims the first PCR court did not address

the reasonableness of his belief under the self-defense statute, N.J.S.A. 2C:3-4, that deadly force was necessary, and his PCR and appellate counsel were ineffective for failing to raise this issue. However, the first PCR court did thoroughly address the self-defense statute and determined defendant did not have a viable self-defense claim. Thus, since this claim was previously adjudicated, it is barred under Rule 3:22-5.

Additionally, defendant was granted an evidentiary hearing by our Supreme Court on his first PCR petition. At the hearing, defendant testified he did not shoot the victim in self-defense. The first PCR court considered defendant's testimony on this issue and rejected it. Thus, defendant cannot show ineffectiveness of PCR counsel or PCR appellate counsel and cannot show prejudice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3596-22